Scott A. Mossman, State Bar No. 227178
1611 Telegraph Ave, Suite 1100
Oakland CA 94612
Tel. (510) 835-1115
Fax (510) 835-1116
scott@smossmanlaw.com

*Attorney for Plaintiff Apramjeet Singh Ghuman.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APRAMJEET SINGH GHUMAN** | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **ROBIN BARRETT, Field Office Director, San Francisco Field Office, United States Citizenship and Immigration Services; ROSEMARY L. MELVILLE, District Director, San Francisco District Office, United States Citizenship and Immigration Services,** | **(Immigration Case)** |
| Defendants. | |

Complaint                                                                1

Plaintiff Apramjeet Singh Ghuman, by and through his undersigned attorney, hereby brings this action and states as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction over this civil action under 28 U.S.C. § 1331 because it presents a question under the laws of the United States. The Mandamus Act, 28 U.S.C. § 1361 also provides jurisdiction because this action seeks to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

## VENUE

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(e) because all of the defendants are officers or employees of the United States sued in their official capacity and Plaintiff Apramjeet Singh Ghuman resides in this judicial district.

## INTRADISTRICT ASSIGNMENT

3. Assignment to either the San Francisco or Oakland Division is appropriate under Civil Local Rule 3-2(d) because the action arises in the San Francisco and San Mateo counties.

## PARTIES

4. Plaintiff Apramjeet Singh Ghuman is a native and citizen of India. The United States Citizenship and Immigration Services ("USCIS") and its predecessor, the Immigration and Naturalization Service ("INS"), has issued Mr. Ghuman two different alien registration numbers, A70-107-163 and A93-288-159. Mr. Ghuman resides in San Mateo, San Mateo County, California.

5. Defendant Robin Barrett is an officer or employee of the United States as the Field Office Director for the USCIS San Francisco Field Office.

6. Defendant Rosemary L. Melville is an officer or employee of the United States as District Director for the USCIS San Francisco District Office.

## STATEMENT OF THE CLAIM

7. On April 20, 1991, INS granted Plaintiff Apramjeet Singh Ghuman's I-687, i.e., Application for Status as a Temporary Resident Under Section 245A of the Immigration and Nationality Act ("INA"). Based on that status, Mr. Ghuman obtained an employment authorization document on April 20, 1991, which was valid for one year.

8. Mr. Ghuman subsequently departed the United States and then sought re-entry at the Los Angeles International Airport on March 9, 1992, by presenting his unexpired employment authorization document. Mr. Ghuman had not obtained advance parole to re-enter the United States. As a consequence, he was paroled into the United States for exclusion proceedings before an immigration judge. Attachment A is a true and correct copy of the I-94 issued to Mr. Ghuman for parole into the United States.

9. The immigration judge ordered Mr. Ghuman excluded on June 17, 1992, pursuant to INA § 212(a)(7)(A)(i)(I) (lack of a valid travel document). Attachment B is a true and correct copy of the Order of the Immigration Judge.

10. The Board of Immigration Appeals dismissed Mr. Ghuman's appeal of the exclusion order on March 15, 1993. Attachment C is a true and correct copy of the Decision of the Board of Immigration Appeals.

11. Mr. Ghuman's exclusion order remains unexecuted.

12. Mr. Ghuman's lawful permanent resident wife, Roopkiran Kaur, filed an I-130, i.e., an Immigrant Petition for Alien Relative, with INS on April 30, 2001. USCIS, as successor to INS, approved the I-130 on March 15, 2005. Attachment D is a true and correct

copy of the Approval Notice (with later-added, hand-written notes that are not part of the official record).

13. Based on Ms. Kaur's I-130, Mr. Ghuman filed an I-485, i.e., an Application to Register Permanent Residence or Adjust Status, with INS on April 26, 2002. Attachment E is a true and correct copy of the Receipt Notice (with later-added, hand-written notes that are not part of the official record).

14. January 6, 2006, Mr. Ghuman filed a second I-687. USCIS denied that application on December 29, 2006. Mr. Ghuman filed a timely appeal of that decision on January 30, 2007, which remains pending. Attachment F is a true and correct copy of the Notice of Appeal.

15. USCIS scheduled Mr. Ghuman and Ms. Kaur for an interview on the I-485 on July 11, 2006. Attachment G is a true and correct copy of the Interview Notice (with later-added, hand-written notes that are not part of the official record). Mr. Ghuman and Ms. Kaur attended the interview. At the conclusion of the interview, USCIS issued a notice indicating that it had continued the case. The officer checked the boxes corresponding to the following reasons for a continuance: "Visa Availability," "Further Review," and "Other: p.d. [priority date] not available." Attachment H is a true and correct copy of the USCIS notice dated July 11, 2006.

16. Mr. Ghuman's priority date is April 30, 2001. Mr. Ghuman is chargeable to India. For alien spouses of permanent residents, who are chargeable to India with priority dates of April 30, 2001, visa numbers became available on November 1, 2006.

17. Mr. Ghuman sent a letter by fax and certified mail on October 13, 2006, immediately upon publication of the Visa Bulletin for November 2006, notifying USCIS that

Complaint                                                                                          4

a visa number was available for his priority date. Attachment I is a true and correct copy of Mr. Ghuman's letter and proof of delivery.

18. Mr. Ghuman has contacted USCIS to inquire on his case status on several occasions, including through in-person INFOPASS appointments on October 12, 2006, November 3, 2006, November 21, 2006, December 11, 2006, and March 23, 2007. Attachment J is a true and correct copy of the INFOPASS appointment letters.

19. In response to an inquiry dated May 25, 2007, USCIS sent a letter to Mr. Ghuman dated May 29, 2007. The letter states that USCIS is performing additional review on the case, which has caused a longer processing date. Attachment K is a true and correct copy of the letter.

20. In response to an inquiry by Congressman Tom Lantos' office, USCIS reported on November 28, 2007, that the case was still in processing.

21. As of the date of filing this complaint, USCIS has not adjudicated Mr. Ghuman's I-485. USCIS's delay of fourteen months after a visa number became available for Mr. Ghuman's priority date is unreasonable.

22. USCIS, rather than the Board of Immigration Appeals or Immigration Judge, has jurisdiction to adjudicate Mr. Ghuman's I-485 because he is an arriving alien paroled into the United States.

23. Mr. Ghuman is eligible to adjust status to permanent residence despite failing to maintain valid nonimmigrant status. He is eligible to adjust under INA § 245(i) because he was present in the United States on December 20, 2000, and his permanent resident wife filed an I-130 for him on or before April 30, 2001.

24. Mr. Ghuman's unexecuted order of exclusion does not form a basis for inadmissibility.

25. USCIS's failure to adjudicate Mr. Ghuman's I-485 for fourteen months after a visa number became available for his priority date has harmed him. It has required Mr. Ghuman to repeatedly apply for interim employment authorization. Currently, the filing fee for an interim employment authorization document, which is valid for twelve months, is $340. The failure to adjudicate the I-485 also has resulted in prolonged uncertainty and anxiety about whether Mr. Ghuman will be able to remain in the United States. This anxiety has affected not only Mr. Ghuman, but also his permanent resident wife and their two United States citizen children, Ishmaan, age 10, and Ameera, age 5. The U.S. citizen children are particularly vulnerable to stress because Ishmaan has been diagnosed with attention-deficit hyperactivity disorder and Ameera has received medical treatment and undergone a series of operations for her foot.

### COUNT I (Mandamus)

26. Plaintiff realleges and incorporates by reference as if set forth fully herein the statements in paragraphs 1 through 25 above.

27. This is an action for mandamus pursuant to 28 U.S.C. § 1361.

28. Plaintiff Apramjeet Singh Ghuman has a clear right to the adjudication of his I-485 because, as the applicant, he is within the zone of interests protected by 8 U.S.C. § 1255.

29. Defendants Robin Barrett, Field Office Director, USCIS San Francisco Field Office, and Rosemary L. Melville, District Director, USCIS San Francisco District Office, have a mandatory duty to adjudicate Plaintiff Apramjeet Singh Ghuman's I-485 pursuant to 8 U.S.C. § 1255(b) and the implementing regulations. They have a duty to adjudicate it within a reasonable timeframe under the Administrative Procedures Act, 5 U.S.C. § 555(b).

30. Defendants Robin Barrett, Field Office Director, USCIS San Francisco Field Office, and Rosemary L. Melville, District Director, USCIS San Francisco District Office,

have not yet adjudicated Plaintiff Apramjeet Singh Ghuman's I-485.  The failure to adjudicate the I-485 for more than a year after a priority number became available is unreasonable.

31.   There is no alternative, fully adequate remedy available for Plaintiff Apramjeet Singh Ghuman to obtain a decision on his I-485.

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendants, and that the Court order Defendants and any of Defendants' agents or other persons acting for, with, by, through or under them to adjudicate Plaintiff Apramjeet Singh Ghuman's I-485.

### COUNT II (Attorney Fees and Costs)

32.   Plaintiff realleges and incorporates by reference as if set forth fully herein the statements in paragraphs 1 through 31 above.

33.   This is an action for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 USC §2412.

34.   If Plaintiff prevails in this action, he will be eligible to receive an award of attorney fees in addition to costs under EAJA because the position of the United States was not substantially justified, 28 USC §2412(d)(1)(A).

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendants, and that the Court enter a judgment awarding Plaintiff his reasonable attorney fees and costs pursuant to the EAJA, and that the Court award all other such relief to Plaintiff as this Court deems just, proper and equitable.

Date: December 28, 2007.

                Respectfully submitted,

                _____
                Scott A. Mossman
                *Attorney for Plaintiff Apramjeet Singh Ghuman.*