# ATTACHMENT A

Departure Number

**035991432 02**

Immigration and
Naturalization Service

I-94
Departure Record

BARCODED PURSUANT TO SEC. 212(d)
(5) OF THE I. & N. ACT (?)

JUN 08 1992

PURPOSE: EXCLUSION PROCEEDINGS
RELEASE ON HIS OWN RECOGNIZANCE
LOS 3/8/92 4058
Port    Date    Officer

14. Family Name
CHAUMAN

15. First (Given) Name
APRANJEET

16. Birth Date (Day-Mo-Yr)
29 05 69

17. Country of Citizenship
INDIA

---

Warning - A nonimmigrant who accepts unauthorized employment is subject to deportation.

Important - Retain this permit in your possession; *you must surrender it when you leave the U.S.* Failure to do so may delay your entry into the U.S. in the future.

You are authorized to stay in the U.S. only until the date written on this form. To remain past this date, without permission from immigration authorities, is a violation of the law.

Surrender this permit when you leave the U.S.:
- By sea or air, to the transportation line;
- Across the Canadian border, to a Canadian Official;
- Across the Mexican border, to a U.S. Official.

Students planning to reenter the U.S. within 30 days to return to the same school, see "Arrival-Departure" on page 2 of Form I-20 prior to surrendering this permit.

Record of Changes

Port:                              Departure Record

Date:

Carrier:

Flight #/Ship Name:

# ATTACHMENT B

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
LOS ANGELES, CALIFORNIA

File A 70-107-163

In the Matter of

GHUMAN, APRAMJEET SINGH

In Exclusion Proceedings

Applicant

Order of the
Immigration Judge

This is a summary of the oral decision entered on Jun 17, 1992. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will be edited and will become the official opinion in this case.

1. _X_ Applicant is ordered excluded and deported from the United States pursuant to Section(s) 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act.

2. ___ Applicant is admitted to the United States as a _____ until _____.

3. ___ Applicant is to post a _____ Maintenance of Status and Departure Bond pursuant to 8 C.F.R. Section 214.1(a).

4. ___ I find the Applicant excludable from the United States pursuant to Section(s) _____ of the INA. Applicant's request to withdraw his/her application for admission to United States is granted, provided he/she departs on or before the date set by the District Director. If the applicant fails to depart on or before such date, the following order shall thereupon become immediately effective: Applicant shall be ordered excluded and deported from the United States.

5. _X_ Appeal waived by ~~Applicant~~ / (INS)

6. _X_ Appeal reserved by (Applicant) / ~~INS~~ until June 29, 1992

7. ___ Other: _____

Date: 06/17/92

WILLIAM J. MARTIN
Immigration Judge

ST

# ATTACHMENT C

U.S. Department of Justice
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

---

File: A70 107 163 - Los Angeles          Date: MAR 15 1993

In re: APRAMJEET SINGH GHUMAN

IN EXCLUSION PROCEEDINGS

APPEAL

ON BEHALF OF APPLICANT: Bob Platt, Esquire
                       16921 Parthenia Street, Suite 304
                       Sepulveda, California 91343

ON BEHALF OF SERVICE: Robert Bryant
                      General Attorney

EXCLUDABLE: Sec. 212(a)(7)(A)(i)(I), I&N Act [8 U.S.C.
            § 1182(a)(7)(A)(i)(I)] - No valid immigrant visa

APPLICATION: Termination of proceedings; administrative closing


ORDER:

PER CURIAM. The decision of the immigration judge dated June 17, 1992, which found the applicant excludable as charged under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1182(a)(7)(A)(i)(I), denied his request for an administrative closing of his case and ordered him excluded and deported from the United States, is affirmed.

On appeal, the applicant argues, through counsel, that the immigration judge erred in denying his request for administrative closing because he currently has a legalization application on file with the Immigration and Naturalization Service pursuant to section 245A of the Act, 8 U.S.C. § 1255a. In his appeal brief, he argues further that the immigration judge erred in not stating the reasons for his denial of the request. Lastly, he argues that the immigration judge abused his discretion by allowing the general attorney to refer to a memorandum from the Immigration and Naturalization Service Commissioner "when said memo was designed solely to frustrate individuals such as the applicant, in the process of their LULAC and CSS cases." The Service adopts the decision of the immigration judge and has filed no further briefs.

Upon our review of the record we find that the immigration judge properly found the applicant excludable as charged for attempting an entry without a valid immigrant visa. We have held that an

A70 107 163

alien does not have a right to an administrative closing, but that it is merely an administrative convenience which allows the removal of cases from the calendar in certain situations, without the entry of a final order. Matter of Amico, 19 I&N 652 (BIA 1988). This procedure can not be used if it is opposed by either party to the proceeding. Matter of Lopez-Barrios, Interim Decision 3135 (BIA 1990). The Service opposed the applicant's request for an administrative closing, and we therefore find the immigration judge's decision proper. We find as well that the immigration judge adequately addressed the issues in his decision. 1/

The applicant argues, however, that he is entitled to an administrative closing of his case in order to await the United States Supreme Court's opinion of the recent policy set forth in CSS v. Thornburgh, 956 F.2d 914 (9th Cir. 1992), cert. granted, 61 U.S.L.W. 301 (U.S. May 13, 1992) (No. 91-1826). We note first that the portion of the decision from the United States Court of Appeals for the Ninth Circuit which the Supreme Court has taken on certification is inapposite to the facts of the applicant's case. 2/ Furthermore, the Act contains no provision for the termination or setting aside of exclusion or deportation proceedings pending the filing of or the adjudication of an application for temporary resident status, and we recognize that in the absence of either a judicial or legislative directive, neither the immigration judge nor this Board may make any determination regarding the applicant's eligibility for the relief he requests.

We note further that the issuance of the charging document (Form I-122) and the institution of exclusion proceedings by the Service is a matter of prosecutorial discretion. So long as the enforcement officials of the Service choose to initiate

---

1/ The applicant cites 8 C.F.R. § 103.3 as authority that the immigration judge must state the rationale upon which his decision is based. The applicant's argument is misplaced inasmuch as section 103.3 refers solely to the Immigration and Naturalization Service, and not the Executive Office for Immigration Review. We find further that the immigration judge adequately dealt with the issues and explained his rationale during the hearing itself.

2/ At the circuit court level, the Ninth Circuit addressed, inter alia, the eligibility for legalization of an otherwise eligible alien who reentered the United States after January 1, 1982, by means of fraudulently procured documentation. This issue is similarly inapposite to the applicant's argument.

A70 107 163

proceedings against an alien and to prosecute those proceedings to a conclusion, the immigration judge and the Board must order the alien excluded if the evidence supports a finding of excludability on the ground charged. See Lopez-Telles v. INS, 564 F.2d 1302 (9th Cir. 1977); Matter of Yazdani, 17 I&N Dec. 626 (BIA 1981). The Service opposed the applicant's motion for administrative closing and, thus, the immigration judge properly denied such motion. See Matter of Lopez-Barrios, supra.

With respect to the applicant's argument concerning the Service's improper reference to a Service Commissioner's memorandum, we find no reference in the record or the transcript which relates to any such memorandum, either by the Service attorney or by the immigration judge. As such, we find this portion of applicant's appellate argument meritless.

Based on the foregoing, we agree with the immigration judge that the applicant is excludable as charged. Accordingly, the decision of the immigration judge is affirmed and the appeal is dismissed.

_____
FOR THE BOARD

-3-